IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL TOBIAS<br><br>Plaintiff<br><br>v.<br><br>UNKNOWN PERSONS 1 AND 2, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP FORMED BETWEEN THEM; ABC COMPANY; PAYWARD VENTURES, INC. DBA KRAKEN BITCOIN EXCHANGE<br><br>Defendants | CIVIL NO.: 23-CV-1005<br><br>DECLARATORY JUDGMENT<br><br>PRELIMINARY AND PERMANENT INJUNCTION<br><br>THEFT, FRAUD AND RICO<br><br>**JURY TRIAL REQUESTED** |

## VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES the Plaintiff, Michael Tobias, (herein "Plaintiff" and/or Holdings") and through the undersigned attorney and respectfully alleges and prays as follows:

**DISCLOSURE STATEMENT IN ACCORDANCE WITH LOCAL RULE 7.1**

Michael Tobias is a natural person making Local Rule 7.1 inapplicable.

### I. INTRODUCTION

1.      For purposes of the allegations in this Complaint, Plaintiff is the owner of an electronic "wallet" that holds virtual currency.

### II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity between Plaintiffs and Defendants exists. Furthermore, the amount in controversy in this matter is in excess of $75,000.00.

3. Venue of this action in this district is proper pursuant to 28 U.S.C. Sec. 1391, since the theft, material facts, and substantial part of the events as alleged of the complaints occurred within the jurisdiction of Puerto Rico.

4. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. INJUNCTIVE RELIEF

5. Pursuant to FRCP 65(b)(1)(A) the Plaintiff requests in URGENCY a Temporary Restraining Order ordering PAYWARD VENTURES, INC. and/or Kraken Bitcoin Exchange to stop any transactions, movements, payments and/or withdrawals of the funds related to the transactions herein named. As the funds were stolen from Plaintiff's wallet there is a risk of irreparable injury, loss, or damage if the money is withdrawn from the account at Kraken. This Temporary Injunction and/or Order of Attachment will help to preserve the status quo.

6. Attorney Certification: Pursuant to FRCP 65(b)(1)(B) the Plaintiff tried to communicate with Kraken Bitcoin Exchange in order to put a hold, but to no avail as PAYWARD VENTURES, INC. and/or Kraken Bitcoin Exchange replied that they would only communicate with law enforcement. Notice is not required as it is impractical to perform service without risking the availability of funds in the accounts as they could be immediately withdrawn, also the other unknown defendants are unknown. There are no less drastic means to protect Plaintiff's interests and ownership over his money and currency as notice may make defendants move the currency.

7. Plaintiff is willing to post bond. It is requested from this Court that a nominal bond or a bond of $0.00 be Ordered. See _Hoechst Diafoil Co. v. Nan Ya Plastics Corp._, 174 F3d 411, 421 (4th Cir. 1999).

8.  In considering a plaintiff's motion for a preliminary injunction, the district court weighs four factors: (1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs and (4) the effect, if any, on the public interest.

9.  Though each factor is important, the sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity. *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 4 (1st Cir. 2012).

10. Plaintiff alleges that the funds from his electronic wallet were stolen and that through tracking those funds are currently in one of the electronic currency exchanges known as Kraken. As the funds are traceable, together with the verification of this Complaint that the Plaintiff is a victim of theft, a "strong likelihood" that the Plaintiff will ultimately prevail is demonstrated.

11. The potential for irreparable harm in the absence of an injunction is enormous and imminent as the hackers and Defendants can continue to transfer funds and withdraw them from across the globe divesting this Court of jurisdiction. Once the funds are gone the harm to Plaintiff is irreparable.

12. There is no adequate remedy at law because recovery of property and damages against unknown defendants is illusory and almost impossible.

13. Issuing a temporary injunction will only place a hold upon the funds until ownership can be verified, and the case decided. Plaintiff will move towards a permanent injunction.

14.     The public interest will ultimately be protected and rewarded as society frowns upon the furtherance of theft and fraud.

### IV. PARTIES

15.     Plaintiff, Michael Tobias, is the victim of a theft from his electronic wallet and he is a natural person resident of this district with residency in the Municipality of Puerto Rico and represented by the attorney.

16.     Defendant PAYWARD VENTURES, INC. DBA KRAKEN BITCOIN EXCHANGE is a foreign entity headquartered in California. The address of the company is 548 Market Street Suite 39656 San Francisco, CA 94104 USA, but according to Kraken's website Payward also has an address in 237 Kearny Street #102 San Francisco, CA 94108.

17.     Defendant KRAKEN BITCOIN EXCHANGE is or may not be a separate legal entity from Payward Ventures and their address is 237 Kearny Street #102 San Francisco, CA 94108.

18.     Defendant ABC COMPANY is a fictitious legal entity of unknown origin that may be responsible for the same thefts, fraud and hacking of the virtual currency wallet suffered by Plaintiff. The address of the company is unknown. This entity may or may not be used as an illegal conduit to hide the identity of the perpetrators. This Defendant's identity is unknown to Plaintiff and for this reason it cannot be reasonably served with service. If the Defendant is later known the Plaintiff will seek leave to amend.

19.     Defendants UNKNOWN PERSONS 1 AND 2 and their respective unknown wife, Jane Doe ("Doe"), are individuals of unknown origin or residency that have committed a theft, fraud and hacking of Plaintiff's virtual currency wallet subtracting substantial amounts of virtual currency. Upon reasonable information and belief, Defendants are of legal age but their residency

is unknown. Their conjugal partnership is included as a defendant because the obligation of not to do harm is considered an obligation of their Conjugal Partnership as well. This Defendant's identity is unknown to Plaintiff and for this reason it cannot be reasonably served with service. If the Defendant is later known the Plaintiff will seek leave to amend.

20.     Upon information and belief defendants are not in active military service.

## V. CLAIMS AND CAUSES OF ACTION

### A. Ownership

21.     The Plaintiff is the owner of $3,949,568 BUSD stablecoin that is kept in his "Trust Wallet" Account (wallet). The wallet is an electronic deposit located in an electronic device belonging to Plaintiff that can only be accessed through alphanumeric passwords.

### B. Theft, Fraud, Hacking

22.     On November 23, 2022 someone unknown to me authorized, accessed and transferred $3,949,568 BUSD stablecoin out of my "Trust Wallet" Account. I believe that the ones responsible for this action are Defendants UNKNOWN PERSONS 1 AND 2 together with ABC Company.

23.     BUSD is a 1:1 USD-backed stablecoin approved by the New York State Department of Financial Services (NYDFS) BUSD tokens are backed 1:1 in USD, so $3,949,568.00 BUSD is equal to $3,949,568.00 USD.

24.     "Trust Wallet" is a digital Self Custody wallet that stores various Virtual Currency Tokens.

25.     Plaintiff noticed the funds were missing out of his "Trust Wallet" mobile digital app Account on Monday, December 12, 2022.

26. Plaintiff has not disclosed to anyone that he had a Trust wallet and does not know of anyone who could have accessed his mobile wallet or seed phrase as the phone had a required log in password and the seed phrase was stored on a USB drive that was kept with him at all times. Upon information and belief Plaintiff believes that he was a victim of hacking by the Defendants and that someone either got access to his phone or any of his operating systems.

27. This is the Transaction hash of funds being transferred out of Plaintiff Wallet Account:

https://explorer.bnbchain.org/tx/EE1E40FD0895C844DB4F50DFF00777B06E3E2AC6E1C1CD0D648DC206E3103B22

28. Plaintiff's BUSD Wallet Address is:

bnb1n9aywqt30llgtxmyt02y2unhxw0ua9e5qnyz0g

29. The coins belonging to Plaintiff were sent to the following unauthorized account wallet address:

bnb1jee2x9g44gptvxu9dqe5uzlnj6j67zhgtwm2s2

30. Upon following the BUSD online transfer trail Plaintiff found that some of the funds have been transferred to Kraken Exchange via known kraken account numbers (Kraken is a virtual currency online exchange where people can transfer digital currencies for real US Dollars and withdraw the money to their bank accounts or trade for other virtual currencies). These are the addresses:

https://etherscan.io/address/0x63b0322cd2c6cab7bc6cc5d693a6b9458def68c8#tokentxns

https://etherscan.io/tx/0x331877e80c89dff504861e1aad90ca13aad3489b7ddf620200f541613bb97720

31. As soon as possible Plaintiff contacted Kraken's customer support. Herman, A Point of Contact at Kraken Virtual Currency Exchange, is aware of the incident. Herman can be reached at (513) 603-9827 or the official online form for Law Enforcement to initiate official conversation with Kraken is:

https://support.kraken.com/hc/en-us/requests/new?ticket_form_id=648008

32. Kraken or PAYWARD VENTURES, INC. did not want to place a "hold" in the funds or provide any information related to the funds forcing Plaintiff to name them as Defendants in the present complaint. Kraken and/or PAYWARD VENTURES, INC. are only willing to confer with law enforcement.

33. The funds are immediate danger of being further transferred and therefore lost.

### C. Wire Fraud

34. Plaintiff was a victim of wire fraud perpetrated by the Unknown Defendants as the purpose of the scheme was to deceitfully hack into Plaintiff's wallet and knowingly use interstate wires to transfer coins and virtual currency through interstate wire communications, namely transferring the funds from Plaintiff's wallet in Puerto Rico to Kraken's servers in California.

35. It is believed by Plaintiff that the funds are still held at Kraken.

36. These actions of Defendants resulted in a material and substantial loss to Plaintiff.

37. Title IX of the Organized Crime Control Act of 1970 under the Racketeer Influenced and Corrupt Organizations Act (RICO) prohibits the use or interstate communications to commit wire fraud under 18 U.S.C.A. § 1343.

38. This Court has jurisdiction to provide civil remedies under the allegations herein contain for wire fraud under 18 U.S.C. 1964 and the Plaintiff specifically requests the imposition of treble damages and the imposition of attorney's fees.

39. The express fraud and action of moving several virtual currency transactions constitutes a pattern of racketeering activity under 18 U.S.C. § 1962(c).

40. Plaintiff hereby notifies Defendants that in accordance with applicable law, it will ask the Court to issue an order of 'lis pendens' and attachment to secure the effectiveness of judgment. Additionally, Plaintiff reserves the right to seek additional provisional or extraordinary remedies to secure its interests.

### D. Damages

41. As a result of this theft Plaintiff has suffered $1,000,000.00 in damages due to anxiety, lost opportunity, distress, pain and emotional suffering and requests that defendants be held jointly responsible for the theft and dilution of his property.

### VI. PRAYER OF RELIEF

**WHEREFORE** Plaintiff respectfully demands judgment as follows:

a. That Defendants pay or return to Plaintiff the amounts of $3,949,568.00 BUSD or the equivalent to $3,949,568.00 USD and all such amounts that continue to accrue after the filing of this Complaint, including fees, transaction fees and interests;

b. That the Court provides a Declaratory Judgment under 22 USC § 2201-2202 settling that Plaintiff is the owner of the funds described and that it provides security in the safe return of such funds to the Plaintiff by ordering Defendants to return them.

    **c.**    That it provides a temporary and permanent injunctive relief enjoining Defendants, their successors, and all those acting in concert with them or at their direction from transferring the currency in order to preserve the status quo until the issues can be resolved.

    **d.**    The imposition of treble damages in accordance with RICO;

    **e.**    Grant Plaintiff such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with the Law;

    **f.**    Grant Plaintiff attorney's fees as well as any other costs.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of January 2023.

*/s/ Allan Amir Rivera Fernández*
**ALLAN AMIR RIVERA FERNÁNDEZ**
**USDC-PR 301904**

CAPITAL CENTER I, SUITE 401
239 ARTERIAL HOSTOS AVENUE
SAN JUAN, PUERTO RICO 00918
TELEPHONE: (787) 763-1780
FAX: (787) 763-2145
E-MAIL: allan@capital.tax

I have read the foregoing statement and I find it true and accurate as best to my knowledge and sign this under penalty of perjury in San Juan PR on January 3rd, 2022.

_Michael Tobias_
Michael Tobias